The People, &c., on relation of GEORGE W. PRICE, Jr. v. HENRY C. BROCK.

### *Election—Power to Declare Result.*

Under the Private Laws of 1868–'69, ch. 5, § 9, it is the exclusive province of the board of aldermen of the city of Wilmington to declare the result of a ballot for chief of police for said city.

PRICE v. BROCK.

CIVIL ACTION tried at June Special Term, 1877, of NEW HANOVER Superior Court, before *Seymour, J.*

The plaintiff alleged that in June, 1877, the board of aldermen, ten in number, of the city of Wilmington proceeded in pursuance of law to elect a chief of police for the city, and that upon the sixth ballot he received five votes and the defendant four votes, and that one ballot was blank; that the clerk of the board announced that as but nine votes were cast and the plaintiff having received a majority thereof, he was duly elected; that notwithstanding this result, the board decided to have another ballot, when the defendant received six votes and was declared elected, and was inducted into office under the protest of the plaintiff, and has since been exercising the duties of the office withholding the same from the plaintiff contrary to law.

The defendant in his answer says that immediately after the clerk announced the vote as alleged, Mr. Vollers a member of the board stated that he had cast the blank ballot by mistake, and asked to be allowed to correct the same; that thereupon the board reconsidered the vote and proceeded to ballot again, and on the seventh ballot the defendant received six votes being a majority of all the board of aldermen, and afterwards said board declared that the defendant was duly elected; whereupon he qualified and entered upon the discharge of his duties as chief of police, and denies that the plaintiff was appointed by the board or a majority thereof.

Upon the trial it was agreed by counsel that the case should be heard upon the complaint and answer, and that all laws in regard to the charter of said city should be considered in evidence, and that the account of said balloting as contained in a transcript from the minutes of the board should be admitted as true. His Honor held that the defendant was entitled to the office and the plaintiff appealed.

*Mr. D. L. Russell,* for plaintiff.
*Messrs. A. T. & J. London,* for defendant.

FAIRCLOTH, J.   The question in this case arises under an act for the government of the city of Wilmington.   Private Laws 1868–'9, ch. 5, § 9.

We find it unnecessary to decide the questions discussed at bar, to wit, whether the majority of a quorum are competent to make an election and whether the last ballot could operate under said section as a removal of one who might have been elected by a previous ballot.   The board of aldermen consists of ten members, and all of them were present when the sixth ballot was taken, under which the plaintiff asserts his title.

The clerk counted the ballots and announced that the plaintiff having received a majority of the votes cast, was elected.   Some of the aldermen immediately expressed the opinion that the plaintiff was elected and *should be so declared,* but others differing with them contended that there had been no election.   It was then proposed to strike out the ballot just taken and vote again, which proposition was adopted by the board.   No result of the 6th ballot was declared by the *board,* and for this reason we think the plaintiff was not elected, and would not have been even if each member had voted for him.   The board alone could ascertain the result and declare the party elected, either by doing so themselves or by adopting the result declared by their clerk.   This they did not do, but declined to do so.

No error.                                        Affirmed.